**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| QUENTIN HOLMES, Executor of the ESTATE OF MILTON HOLMES, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-4841 |
| SERVICE CORPORATION INTERNATIONAL, | § § § § | |
| Defendant. | § | |

**ORDER DENYING SUMMARY JUDGMENT**

Milton Holmes sued his former employer, Service Corporation International ("SCI"), which owns and operates funeral homes. Holmes alleged that he was repeatedly passed over for promotion and ultimately terminated because of his race. Holmes sued on behalf of a class of similarly situated African-Americans who were denied promotion or deterred from seeking promotion to Location Manager positions at SCI's funeral homes in a nine-state area. Holmes alleged violations of § 1981 and Title VII and sought both damages and injunctive relief. Holmes passed away in June 2013. A suggestion of death was filed and the executor of Holmes's estate, Holmes's son, Quinton Holmes, was substituted as the party plaintiff. This court denied the motion for class certification. Holmes's son filed an amended complaint, alleging that SCI had failed to promote Holmes and had terminated his employment because of his race. The amended complaint seeks damages but no injunction. (Docket Entry No. 99).

After discovery, SCI moved for summary judgment, arguing that Holmes's failure-to-promote claims are time-barred, that Holmes failed to plead a discriminatory termination claim, and that there are no genuine factual disputes material to these claims and that the undisputed evidence entitles SCI to judgment as a matter of law. (Docket Entry No. 103). Holmes responded, (Docket

Entry No. 104), and SCI replied, (Docket Entry No. 105). Based on a careful review of the pleadings, the briefs, the record, and the applicable law, the court denies SCI's motion for summary judgment.

First, Holmes's § 1981 failure-to-promote claims are timely under the four-year statute of limitations that applies to actions involving promotions that would not create a "new and distinct relation between the employee and the employer." *See* 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Hill v. Cleco Corp.*, 541 F. App'x 343 (5th Cir. 2013). Before SCI declined to promote Holmes to the position of Location Manager at Lawndale and several other funeral-home locations, Holmes served as Lawndale's Assistant Location Manager and then as Lawndale's temporary Operations Manager. Both roles required Holmes to supervise other employees. The promotion he sought—permanent Location Manager—did not involve the type of "new and distinct relation" between himself and SCI that would trigger the limitations period applicable to § 1981 actions before the 1991 Civil Rights Act. *See Cross v. The Home Depot*, 390 F.3d 1283, 1289-90 (10th Cir. 2004) (concluding that the promotion from Assistant Store Manager to Store Manager did not produce a "new and distinct relationship" in part because both were "supervisors," even though one involved supervising two people and the other 150-250 people); *Harrison v. Assocs. Corp. of North Am.*, 917 F.2d 195, 198 (5th Cir. 1990) (holding that there was "very little difference between the job of C.R.T. operator and lead C.R.T. operator" because neither had "general supervisory duties"); *cf. Fonteneaux v. Shell Oil Co.*, 289 F. App'x 695, 699-700 (5th Cir. 2008) (concluding that the promotion from a position without "any supervisory capacity" to one allowing the plaintiff to "hire and fire subordinates" was "the type of relationship that creates a new and distinct employment relationship").

Second, while some of the Title VII claims are untimely because they arise from discrete events occurring more than 300 days before Holmes filed his EEOC charge, Holmes's § 1981

2

failure-to-promote claims are timely.

Third, the record contains evidence as to the Title VII and § 1981 claims, beyond Holmes's otherwise supported subjective belief that he was better qualified. The evidence supports an inference that less-qualified individuals received promotions over Holmes. Both inconsistencies in SCI's explanations for the promotion decisions, and the evidence as to Holmes's experience, training, and job evaluations, support the inference.

Finally, Holmes alleged that SCI wrongfully terminated him based on his race. (*See* Docket Entry No. 99, at ¶¶ 5.17-5.22, 6.1-6.4). Summary judgment is not appropriately granted on the wrongful-termination claim. The record includes evidence supporting an inference that SCI imposed lower discipline on similarly situated employees outside the protected class, including that Holmes received harsher discipline than the non-African-American Location Manager who was present when the wrong body was prepared for burial. There is record evidence that SCI fired Holmes but reprimanded the Location Manager and put him on a performance improvement plan.

The court finds that there are disputed facts material to resolving the claims for failure to promote and for wrongful termination. SCI's motion for summary judgment, (Docket Entry No. 103), is denied. A status conference is set for **April 2, 2015**, at 5:00 p.m. in Courtroom 11-B.

SIGNED on March 30, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge